Case 2:18-cv-00005 Document 6 Filed on 04/04/18 in TXSD Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
April 04, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-5 |
| | § | |
| REAL PROPERTY KNOWN AS 615 | § | |
| ELMHURST, SUGAR LAND, TEXAS | § | |
| 77479, *et al*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION
## TO DENY CLAIMANTS' MOTION TO DISMISS

Pending is a motion to dismiss filed by Claimants Jose Manuel Saiz Pineda (Saiz Pineda) and Phantom International Investments (Phantom).[1] (D.E. 3). Plaintiff United States of America filed a response to the motion on March 1, 2018. (D.E. 4). For the reasons set forth below, it is respectfully recommended that Claimants' motion be **DENIED**.

## I. JURISDICTION AND VENUE

This court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. Venue is proper in this court because the acts or omissions giving rise to this forfeiture action occurred in the Southern District of Texas.

---

[1] Collectively referred to as Claimants.

## II.     BACKGROUND

On January 5, 2018, Plaintiff (or "the Government") filed a verified complaint for civil forfeiture *in rem* against real property known as 615 Elmhurst, Sugar Land, Texas 77479. (D.E. 1). The Government alleges this property was purchased with money stolen from Mexico by Claimant Saiz Pineda or with money otherwise traceable to his financial crimes against Mexico. All of the facts alleged by the Government in its verified complaint need not be set forth again but a brief summary is appropriate.

Claimant Saiz Pineda served as the Secretary of Administration and Finance for the Mexican State of Tabasco from January 2007 through December 2012. An investigation by the Tabasco Attorney General's Office determined that the equivalent of approximately $190 million dollars of state funds are unaccounted for from the time when Claimant Saiz Pineda was Secretary of Administration and Finance. Claimant Saiz Pineda and other co-conspirators are accused of stealing or embezzling state funds and creating offshore holding companies and shell companies to hide the stolen money. On April 26, 2017, Claimant Saiz Pineda, his wife Silvia Beatriz Perez-Ceballos, and another co-conspirator were charged in the Corpus Christi Division of the Southern District of Texas in a two count indictment with conspiracy to commit money laundering and conspiracy to commit bank fraud. *See United States v. Silvia Beatriz Perez-Ceballos*, No. 2:17-cr-245 (S.D. Tex. filed Apr. 26, 2017). The indictment included forfeiture provisions for the defendant property, other properties, financial accounts and a $50 million personal money judgment. (No. 2:17-cr-245, D.E. 1-1, p. 7). Claimant Saiz Pineda remains in custody in Mexico having been charged by Mexican authorities with

illegal enrichment.  Ms. Perez-Ceballos was arrested in the United States.  On October 13, 2017, Ms. Perez-Ceballos was convicted of conspiracy to commit bank fraud after a trial before a jury empaneled before this Court.  (No. 2:17-cr-245, D.E. 191).  Ms. Perez-Ceballos was sentenced to 10 months custody in the Bureau of Prisons, 2 years supervised release and a $100 special assessment.  (No. 2:17-cr-245, D.E. 191).

The subject property is a residence in Sugar Land, Texas.  Ms. Perez-Ceballos resided in the defendant property, however, she testified at trial that she did not purchase the residence or pay bills associated with the home. The defendant property was purchased by Claimant Phantom, a limited liability company.  Phantom was created and managed by Jose Latour.  Latour testified during the trial of Ms. Perez Ceballos.  The Government's complaint includes a summary of portions of Latour's testimony.  Latour testified he was the "wallet" for Claimant Saiz Pineda in that he would receive money wired from Mexico and funnel it through shell companies so Claimant Saiz Pineda's name would not appear on documentation.  Latour, on behalf of Phantom, entered into a sales contract for defendant property on December 15, 2011. The Government's investigation verified the defendant property was purchased with funds that were wire transferred from Mexico to accounts controlled by Latour.  The final closing price of defendant property was $1,328,612.00 and was an all cash transaction.  As further alleged by the Government, Latour testified that defendant property was one of numerous real property transactions he completed on behalf of Saiz Pineda and that he continued to hide assets for Saiz Pineda even after his arrest.  Further, the Government has alleged Saiz

Pineda, as a government official earning the approximate equivalent of $80,000 a year, did not have legitimate financial resources to purchase defendant property.

The Government alleges defendant property is subject to forfeiture for three reasons. First, the property was involved in a money laundering transaction or attempted money laundering transaction in violation of 18 U.S.C. §§ 1956, 1957, 1960. *See* 18 U.S.C. § 981(a)(1). Second, the property was derived from or traceable to a felony offense against the country of Mexico, that is misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official fraud. *See* 18 U.S.C. § 981(a)(1)(B)(iii). Third, the property constitutes or is derived from proceeds traceable to an offense constituting a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7). *See* 18 U.S.C. 981(a)(1)(C).

On February 7, 2018 Saiz Pineda and Phantom filed a claim for the defendant property pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture (D.E. 2). Claimants assert they own the defendant property. On February 26, 2018, Claimants filed the instant motion to dismiss. (D.E. 3). In their motion to dismiss, Claimants argue that (1) the complaint does not contain a short plain statement of the claim; (2) the defendant property is not traceable to proceeds from unlawful activity; and (3) the defendant Property lacks a "significant connection" to unlawful activity. The Government has filed a response addressing each Claimants arguments. (D.E. 4).

### III. LAW AND ANALYSIS

#### A. Motion to Dismiss

Claimants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Supplemental Rule G to the Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

##### 1. Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the formal sufficiency of the statement of a claim for relief. It is not a procedure for resolving disputes about the facts or the merits of a case. In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to prove the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the assumption are true (even if doubtful in fact) . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007)(internal citations and quotations omitted). In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court held the following:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*], 550 U.S. at 570, 127 S. Ct. at 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

> draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955.

Accordingly, in order to survive a motion to dismiss, the Government's complaint must allege enough facts to show a plausible claim for relief exists on the face of the pleading.

### 2. Rule 8(a)(2)

Rule 8(a) requires a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief" Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) requires a pleading to have "facial plausibility" *Iqbal*, 556 U.S. at 678. The function of a complaint is to give the defendant fair notice of plaintiff's claim and the grounds upon which plaintiff relies. *Doss v. S. Cent. Bell Tel. Co.*, 834 F.2d 421, 424 (5th Cir.1987) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 662. The sufficiency of a pleading under Rule 8 may be challenged pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, No. 05–30976, 2006 WL 2870972, at * 2 (5th Cir. Oct. 9, 2006).

3.     **Supplemental Rules E and G**

Except as otherwise provided, Rule E applies to *in rem* actions and provides that the complaint shall "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Supp. Rule E (1) and (2). According to Rule G, the complaint in an *in rem* forfeiture action arising from a federal statute must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. Rule G(2)(f). Courts recognize a general standard that a complaint under Rule E(2)(a) must allege sufficient facts to support a reasonable belief that the property is subject to forfeiture. *United States v. Mondragon*, 313 F.3d 862, 865 (4th Cir. 2002). At trial, the Government must prove by a preponderance of the evidence that the property is subject to forfeiture. *Id.*

B.     **ANALYSIS**

Property is subject to forfeiture to the United States if, among other activities, it is involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 or 1957 (money laundering), or § 1960 (unlicensed money transmitting). A person engages in money laundering when he (1) conducts or attempts to conduct a financial transaction, (2) which he knows involved the proceeds of unlawful activity, (3) with the intent either to promote or further the unlawful activity. *United States v. Rivera*, 295 F.3d 461, 467 (5th Cir. 2002); 18 U.S.C. § 1956(a). "Unlawful activity" includes, with respect to a financial transaction occurring in whole or in part in the United States, an offense against

a foreign nation involving fraud, or any scheme or attempt to defraud, by or against a foreign bank, or the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official. 18 U.S.C.A. § 1956(7)(B)(iii) and (iv). "Unlawful activity" also includes knowingly executing, or attempting to execute, a scheme or artifice to defraud a financial institution or obtain custody of assets or other property owned by or under the custody or control of a financial institution by means of false or fraudulent pretenses, representations or promises. 18 U.S.C. §§ 1956(7)(a), 1961 and 1344.

      The Government has alleged facts sufficient to withstand Claimants' motion to dismiss under the relevant statutory definitions and case law. At a minimum, the Government has set forth facts indicating Saiz Pineda was the Secretary of Administration and Finance for the Mexican State of Tabasco. The Tabasco Attorney General's office has determined the equivalent of approximately $190 million of state funds are missing from Claimant Saiz Pineda's tenure. Claimant Saiz Pineda has been charged criminally by the Mexican authorities with illegal enrichment. Claimant Saiz Pineda has also been indicted in the Southern District of Texas for related offenses. The verified complaint alleges Saiz Pineda created shell companies and wire transferred significant amounts of money from Mexico into these companies. Claimant Phantom is one of these companies. Phantom purchased the defendant property for $1,328,612.00 in cash. Latour, the manager of Phantom, testified at trial that the real owner of the property is Saiz Pineda and Ms. Perez Ceballos and that Phantom was used to hide their identities. Additionally, the purchase of defendant property was just one of several

transactions where Saiz Pineda purchased properties in New York, California and Florida. Saiz Pineda's government salary during the relevant time was the equivalent of $80,000. The Government's case is premised in part on Claimant Saiz Pineda living outside his means. Claimant Saiz Pineda's wife was living in defendant property yet claimed not to be the owner. The Government has "state[d] sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. Rule G(2)(f).

The Claimants' argument that the Complaint does not contain a short plain statement of the claim is without merit. Federal Rule of Civil Procedure 8(a)(2) only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "As the text of the rule thus makes clear, all that is necessary is that the claim for relief be stated with brevity, conciseness, and clarity, a standard articulated many times over by federal courts throughout the country." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1215 (3rd ed. 2004). While the Government has alleged more facts than required by Rule 8, this manner of pleading does not run afoul of Rule 8 because of the heightened pleading requirements of Supplemental Rules E & G. Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). To satisfy this Rule, the complaint must contain sufficient facts, which, if true, would "state a claim for relief that is plausible on face." *See Iqbal*, 556 U.S. at 677-78. The Government's complaint has complied with the requirements of Rule 8.

The Claimants further argue the defendant property is not traceable to proceeds from unlawful activity. Claimants maintain corporate ownership and pending criminal charges do not suggest the property is traceable to unlawful activity. The issue for the Court is not whether each fact alleged by the Government is unimpeachable; rather, the issue is whether the Government's complaint taken as a whole satisfies the pleading requirements of Rule 8 and survives Claimants' motion to dismiss. *see, e.g., United States v. A 10th Century Cambodian Sandstone Sculpture*, No. 12 Civ. 2600(GBD), 2013 WL 1290515, at *6 n. 5 (S.D.N.Y. Mar. 28, 2013) (explaining that the government's allegations that defendant property was "stolen" via an organized "looting network" and ultimately delivered to a dealer in Bangkok were sufficient to support a reasonable belief that the government would be able to meet its burden of proof at trial to demonstrate that the property was stolen). Corporate ownership of defendant property, in isolation, is certainly not conclusive that the property is traceable to unlawful activity. However, the fact that defendant property was purchased by Claimant Phantom International Investments, a limited liability company, is but one of many facts alleged by the Government. Likewise, the fact that Claimant Saiz Pineda has been charged in Mexico and in the United States with financial crimes or that his wife has similarly been charged and convicted is not evidence the defendant property is traceable to criminal activity. However, the references to the criminal charges provide a context for understanding the Government's case. Further, the testimony of witnesses at the trial of Ms. Perez Ceballos does more than provide context. The testimony of Jose Latour, as alleged by the

Government, of his and Phantom's role in the money laundering scheme sets forth sufficient specific facts warranting the denial of Claimants' motion to dismiss.

Finally, Claimants argue the defendant property lacks a "significant connection" to unlawful activity. For purposes of this motion to dismiss, the Government has alleged sufficient facts to connect the defendant property to criminal activity. Claimant Saiz Pineda is alleged to have used shell companies to transfer stolen money from Mexico and into the United States "in an attempt to legitimize the proceeds derived from the theft of state funds from Tabasco." (D.E. 1, p. 3). The Government's Complaint is sufficient in regard to the defendant property being significantly connected to unlawful activity. Accepting the well-pleaded facts as true, the complaint establishes a reasonable belief that the government will be able to meet its burden of proof at trial that the defendant property is subject to forfeiture. Accordingly, because the Government has met the heightened pleading requirement of Rule G, Claimants Rule 12(b)(6) motion should be **DENIED**.

## IV.    RECOMMENDATION

Based on the foregoing, it is respectfully recommended that the Claimants' Motion to Dismiss (D.E. 3) be **DENIED**.

Respectfully submitted this 4th day of April, 2018.

_____
Jason B. Libby
United States Magistrate Judge

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).