UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-5 |
| | § | |
| REAL PROPERTY KNOWN AS 615 | § | |
| ELMHURST, SUGAR LAND, TEXAS | § | |
| 77479, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## MEMORANDUM AND RECOMMENDATION

On January 5, 2018, Plaintiff United States of America (the "Government") filed a verified Complaint for Forfeiture in Rem against Real Property known as 615 Elmhurst, Sugar Land, Texas, 77479 (the "Defendant Property"), alleging that the Defendant Property is subject to forfeiture because it was derived from or traceable to proceeds from the theft of funds from the Mexican State of Tabasco and because it was involved in a money laundering offense with such proceeds. On February 7, 2018, Jose Manuel Saiz Pineda (Saiz Pineda) filed a claim to the Defendant Property on behalf of himself and Phantom International Investments, LLC ("Phantom") (collectively "Claimants").

Pending before the Court is Claimants' Motion to Dismiss. D.E. 3. On April 4, 2018, United States Magistrate Judge Jason B. Libby submitted a Memorandum and Recommendation (M&R) to Deny Claimants' Motion to Dismiss. D.E. 6. Claimants filed their timely objections on April 18, 2018 (D.E. 10), to which the Government responded

(D.E. 13) and Claimants replied (D.E. 18). Claimants' objections are set out and discussed below.

## I. Legal Standard

A district court that refers a case to a magistrate judge must review de novo any portions of the magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. FED. R. CIV. P. 72(b). The district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. *Id.* With respect to non-dispositive matters, the district court must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. FED. R. CIV. P. 72(a).

## II. Analysis

### A. Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). Supplemental Admiralty and Maritime Claims Rule G(2) requires, among other things, that a complaint state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. SUPP. RULE (G)(2)(f). A complaint can withstand a motion to dismiss if it alleges "facts sufficient to support a reasonable belief that the property [in question] is subject to forfeiture." *United States v.*

*$79,650 Seized from Bank of America Account Ending in –8247, in name of Afework*,
2009 WL 331294, at *5 (E.D. Va. Feb. 9, 2009) (quoting *United States v. Mondragon*,
313 F.3d 862, 865–66 (4th Cir. 2002)). The pleading requirements of Rule (G)(2) are
satisfied if the government pleads enough facts to support a reasonable belief that it will
be able to meet its burden of proof at trial; the government is not required to prove its
case simply to get into the courthouse door. *United States v. All Right, Title & Interest in
the Real Prop. & Appurtenances Located at 641 E Stadium Beach Rd. W, Grapeview,
Washington 98546, with all Improvements and Attachments Thereon*, 2015 WL
12748176, at *5 (W.D. Tex. Mar. 24, 2015).

'"There is no requirement that *all* of the facts and evidence at the government's
disposal be pled in the complaint; the government must simply plead enough specific
facts for the claimant to understand the government's theory, file a responsive pleading
and undertake her own investigation.'" *United States v. $109,086.00*, 2005 WL 1923613,
at *3 (S.D. Tex. Aug. 10, 2005) (quoting *United States v. All Funds on Deposit in Dime
Sav. Bank of Williamsburg Account No. 58-400738-1*, 255 F. Supp. 2d 56, 69 (E.D.N.Y.
2003)) (emphasis in *Dime Sav. Bank*) (internal alteration omitted); *see also United States
v. $74,500 in U.S. Currency*, 2011 WL 2712604, at *2 (D. Md. July 11, 2011) ("[T]he
Government need not produce all evidence that will be introduced at trial and may
instead 'gather [ ] evidence after the filing of a Complaint for forfeiture to establish, by a
preponderance of the evidence, that [the] property is subject to forfeiture.'" (quoting 18
U.S.C. § 983(c)(2))).

**B.** **Objection 1: The M&R is not consistent with Fifth Circuit Law.**

Claimants first argue that the M&R is inconsistent with Fifth Circuit law because the M&R does not require the Government to allege specifically that the Defendant Property is "traceable" to criminal proceeds or to tainted property used to facilitate a criminal offense. Claimants further argue that the M&R erroneously concludes that the traceability requirement can be met by circumstantial facts, including Saiz Pineda's government salary and Jose Latour's trial testimony regarding the use of an LLC to buy the Defendant Property.

The only Fifth Circuit case cited in Claimants' objections is *United States v. Tencer*, 107 F.3d 1120, 1134 (5th Cir. 1997) ("[M]erely pooling tainted and untainted funds in an account does not, without more, render that account subject to forfeiture."). However, as the Government correctly points out, *Tencer* has nothing to do with pleading requirements or the sufficiency of a civil forfeiture complaint. *Tencer* addressed the Government's burden in a criminal trial—specifically whether there was sufficient evidence to support the jury's special forfeiture verdict—and concluded that "the jury was entitled to infer that all of the funds in the account were 'involved in' the money laundering and subject to forfeiture pursuant to § 982." *Id.* at 1135.

Other cases quoted and/or cited by Claimants in their motion to dismiss and reply brief similarly do not support Claimants' assertion that the Government is required to show tracing in its complaint. For example, Claimants state that, "[a]t a minimum, a forfeiture complaint must 'allege that at least some of the property can be traced.'" D.E. 18, p. 2 (quoting *641 E Stadium Beach Rd. W.*, 2015 WL 12748176, at *6). However, that

case actually says, "The Government's burden at the pleadings stage is merely to allege that at least some of the property can be traced *or is substantially connected to illegal proceeds*." *641 E Stadium Beach Rd. W.*, 2015 WL 12748176 at *6 (emphasis added). Claimants also argue that "Courts thus 'routinely' dismiss complaints which fail to allege tracing." D.E. 18, p. 2 (quoting *United States v. $80,760.00 in U.S. Currency*, 781 F. Supp. 462, 467 n.14 (N.D. Tex. 1991)). That cited language actually says, "Courts routinely recognize challenges to the forfeiture complaint and demand that the complaint allege sufficiently particular facts to establish a reasonable belief that the property is forfeitable." *$80,760.00*, 781 F. Supp. at 467. Simply put, "tracing is not an issue at the motion to dismiss stage." *United States v. Aguilar*, 782 F.3d 1101, 1109 (9th Cir. 2015).

Moreover, the Government is proceeding under three theories of forfeiture: (1) Defendant Property was involved in a money laundering transaction or attempted money laundering transaction; (2) Defendant Property was derived from or traceable to a felony offense against the country of Mexico, that is, misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official; and/or (3) Defendant Property constitutes or is derived from proceeds traceable to an offense constituting a "specified unlawful activity." Compl. ¶ 1. Even if tracing were required under some circumstances, because the Government has pled alternative theories supporting forfeiture, it may meet its pleading burden by setting forth facts showing a reasonable belief that Defendant Property was "involved in" money laundering. *See 641 E Stadium Beach Rd. W.*, 2015 WL 12748176, at *5.

The M&R concluded that the following factual allegations, in the aggregate, establish a reasonable belief that the Government will be able to meet its burden of proof at trial that the Defendant Property is subject to forfeiture:

> At a minimum, the Government has set forth facts indicating Saiz Pineda was the Secretary of Administration and Finance for the Mexican State of Tabasco. The Tabasco Attorney General's office has determined the equivalent of approximately $190 million of state funds are missing from Claimant Saiz Pineda's tenure. Claimant Saiz Pineda has been charged criminally by the Mexican authorities with illegal enrichment. Claimant Saiz Pineda has also been indicted in the Southern District of Texas for related offenses. The verified complaint alleges Saiz Pineda created shell companies and wire transferred significant amounts of money from Mexico into these companies. Claimant Phantom is one of these companies. Phantom purchased the defendant property for $1,328,612.00 in cash. Latour, the manager of Phantom, testified at trial that the real owner of the property is Saiz Pineda and [his wife] Ms. Perez Ceballos and that Phantom was used to hide their identities. Additionally, the purchase of defendant property was just one of several transactions where Saiz Pineda purchased properties in New York, California and Florida. Saiz Pineda's government salary during the relevant time was the equivalent of $80,000. The Government's case is premised in part on Claimant Saiz Pineda living outside his means. Claimant Saiz Pineda's wife was living in defendant property yet claimed not to be the owner.

D.E. 9, pp. 8–9.

The Court agrees that the Government's factual allegations are sufficient under both Rule 12(b)(6) and Supplemental Rule G because they allow the Court to draw the reasonable inference that the Defendant Property has a substantial connection to illegal activity. Even if no one fact in isolation establishes this connection, the aforementioned facts, in the aggregate, form the basis for the reasonable belief that the Government will

introduce evidence on these points after discovery. *See United States v. All Funds on Deposit at Old Mut. of Bermuda Ltd. Contract No. CX4011696 in Bermuda*, 2014 WL 4101215, at \*2 (S.D. Tex. Aug. 18, 2014); *see also United States v. Funds in the Amount of $33,534.93*, 2013 WL 12333983, at \*5 (D.N.M. Mar. 25, 2013) ("The Court is allowed to rely upon circumstantial allegations and inferences, when evaluating the sufficiency of the complaint."). Moreover, the Government is not required to prove its entire case at the pleading stage and can maintain its complaint without conclusively establishing that the Defendant Property was involved in money laundering and/or purchased using funds stolen from the State of Tabasco. That is a burden reserved for trial; at this stage of the proceedings, the Court is charged with the task of evaluating the sufficiency of the complaint, not with deciding the merits. *See Triad Associates Inc.*, 892 F.2d at 586.

For these reasons, Claimants' first objection is **OVERRULED.**

**B. Objection 2: The M&R's reliance on Latour's trial testimony is misplaced.**

Claimants further object to the M&R's reliance on Latour's testimony from the criminal trial of Saiz Pineda's wife, Perez-Ceballos, because Latour did not testify that the funds used to purchase the Defendant Property were traceable to any criminal activity. According to Claimants, Latour's testimony cannot support a reasonable belief that the Government can satisfy its burden to prove at trial that the Defendant Property is subject to forfeiture because Perez-Ceballos was acquitted of money laundering conspiracy.

As set forth *supra*, there is no traceability requirement at this stage. Furthermore, unlike at Perez-Ceballos' criminal trial, the Government need not prove beyond a

reasonable doubt that Perez-Ceballos conspired to commit money laundering in this civil forfeiture case; the Government need only prove by a preponderance of the evidence that the Defendant Property was involved in money laundering and/or purchased using funds stolen from the government of Tabasco. *See* 18 U.S.C. § 983(c)(1) ("[T]he burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture."); *United States v. Thibault*, 897 F. Supp. 495, 498 (D. Colo. 1995) ("Because a civil forfeiture is *in rem*, the elements of a claim establishing forfeiture focus on the property's role in the offense and not on the owner's conduct."). The fact that a jury previously acquitted Perez-Ceballos of money laundering conspiracy does not mean that the Government cannot prove that the Defendant Property was involved in money laundering or derived from proceeds from the theft of state funds. *See United States v. $22,173.00 in U.S. Currency*, 716 F. Supp. 2d 245, 252 (S.D.N.Y. 2010) ("However, because civil forfeiture actions require proof by a preponderance of the evidence, while criminal prosecutions require proof beyond a reasonable doubt, acquittal of criminal charges does not preclude success in a related civil forfeiture proceeding.") (internal citations omitted); *see also United States v. 1988 Oldsmobile Cutlass Supreme*, 983 F.2d 670, 675 (5th Cir. 1993). Thus, the M&R did not err in relying upon Latour's trial testimony or other factual allegations stemming from Perez-Ceballos' criminal trial when evaluating the Government's complaint.

For these reasons, Claimants' second objection is **OVERRULED.**

### III. Conclusion

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Claimants' objections, the Government's response, Claimants' reply, and all other relevant documents in the record, and having made a de novo disposition of the portions of the M&R to which objections were specifically directed, the Court **OVERRULES** Claimants' objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Claimants' Motion to Dismiss (D.E. 3) is **DENIED**.

ORDERED this 1st day of August, 2018.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE